# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0954-25

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

G.J.,

    Defendant-Appellant.

_____

Argued May 11, 2026 – Decided June 30, 2026

Before Judges Walcott-Henderson and Bergman.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 25-05-0111.

Brooke M. Barnett argued the cause for appellant (Brooke M. Barnett & Associates PC, attorneys; Brooke M. Barnett and Morgan Mahler, on the brief).

Leslie-Ann M. Justus, Deputy Attorney General, argued the cause for respondent (Jennifer Davenport, Attorney General, attorney; Leslie-Ann M. Justus, of counsel and on the brief).

PER CURIAM

On leave granted, defendant G.J.[1] appeals from a September 30, 2025 order denying his motion to sever several counts in the State's superseding indictment against him after another judge decided certain counts could be severed in a prior indictment. Discerning no abuse of discretion by the court in its denial of defendant's motion, we affirm.

I.

The relevant facts are undisputed. Eleven women, ten of whom are former patients of defendant, a medical doctor at various urgent care facilities, accused defendant of various forms of inappropriate nonconsensual sexual touching during their medical examination and treatment.

As part of the initial investigation, ten victims provided sworn statements to law enforcement, describing defendant's alleged wrongful acts against them. Following the investigation, defendant was indicted on various counts of criminal sexual contact and related offenses in three separate counties: Essex, Middlesex, and Monmouth.

Because the issue before us is whether the court erred in denying defendant's motion to sever the counts of the State's indictment by victim and

---

[1] We use initials are to protect the privacy of the alleged victims, pursuant to Rule 1:38-3(a).

require separate trials, we decline to recount the specific details of the allegations against defendant. We note only that the three county indictments arise from allegations that defendant inappropriately touched patients' breasts and vaginas, inserted his fingers into the mouth and vagina of at least one patient, and forcibly penetrated another patient by placing his penis in her vagina. An employee at one facility in which defendant worked reported that patients told her that defendant touched them inappropriately, and that every day from October 2022 to February 2023, defendant touched her breasts and back and often told her to pull up her shirt so he could see her breasts. The employee stated that defendant often touched her when her co-worker would leave to get lunch. According to the State, there were six alleged victims in Middlesex, three in Essex, and two in Monmouth Counties.

Defendant was also indicted on two counts of hindering apprehension or prosecution, N.J.S.A. 2C:29-3(a)(5), for directing his then-assistant, R.P., to fabricate medical reports that a "female [medical assistant]" was present during each examination of a female patient.

On March 8, 2023, defendant agreed to a temporary surrender of his license to practice medicine and surgery, pending the disposition of the criminal charges against him.

A-0954-25

<u>County Criminal Indictments</u>

On June 22, 2023, an Essex County Grand Jury returned an indictment, charging defendant with three counts of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b), and one count of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1). On December 18, 2023, a Monmouth County Grand Jury returned an indictment, charging defendant with two counts of fourth degree criminal sexual contact, N.J.S.A. 2C:14-3(b). And, on March 5, 2024, a Middlesex County Grand Jury returned an indictment, charging defendant with six counts of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b), and one count of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1).

In Essex County, defendant first moved to sever the counts pertaining to one of his alleged victims from the remaining charges in that indictment. The motion judge denied in part and granted in part the motion on September 13, 2024, resulting in the severance of two of four counts related to one of the three alleged victim.[2]

---

[2] The court held:

> The offenses contained in [c]ounts 1 and 2 of the indictment are not reasonably close in time to the offenses contained in [c]ounts 3 and 4 of the indictment, as they are alleged to have occurred

4

In Middlesex County, where there were six alleged victims, defendant also moved to sever certain counts involving one alleged victim from the other counts in that indictment. The court denied the motion and defendant's subsequent motion for reconsideration, which had been reassigned to a different judge, was eventually withdrawn.

The State's Superseding Indictment

On May 21, 2025, a State Grand Jury returned a superseding indictment, under N.J.S.A. 52:17B-107(a)(1), charging defendant with: eleven counts of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b); two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1); and two counts of fourth degree falsification/tampering charges, N.J.S.A. 2C:21-4 to -4.1.

At some point following the superseding indictment, R.P. pleaded guilty to third-degree hindering apprehension or prosecution, giving false information to law enforcement officers or an investigator in the Office of the Insurance

---

approximately five weeks later. There is a danger that the jury could conclude the [d]efendant is a bad person and convict him because it is alleged that he committed offenses against three victims over a five-week period . . . . [T]he [m]otion to Sever Counts 1 and 2 from [c]ounts 3 and 4 is GRANTED.

A-0954-25

Fraud Prosecutor, N.J.S.A. 2C:29-3(a)(7), in exchange for her cooperation in the State's case against defendant.

Defendant's Motion to Sever

Defendant next moved to sever the counts in the superseding indictment by victim, essentially to require eleven separate trials, arguing other crimes, wrongs, or acts evidence presented to the jury could be prejudicial. Defendant likewise argued that the superseding indictment included counts previously severed from other counts in the Essex County indictment, and invoked the law of the case doctrine.[3]

On October 1, 2025, the motion court issued a comprehensive fifty-nine-page written decision, denying defendant's motion to sever the counts in the State's superseding indictment. The court conducted a thorough analysis of the relevant statutory authority and legal precedent, and concluded:

> [t]he proffered use of the other crimes evidence in this case (intent) cannot adequately be served by other evidence. I cannot determine the existence of more important, less prejudicial evidence that proves the same point. Therefore, I find the State has met its burden and established that the probative value of the evidence is not outweighed by its apparent prejudice.

---

[3] The law of the case doctrine is a non-binding rule which states that during the pendency of a case, a legal decision made in a particular matter should be respected by all other lower or equal courts to avoid relitigation of a previously resolved issue. See Lombardi v. Masso, 207 N.J. 517, 538 (2011).

A-0954-25

Defendant also asserted that the Essex County judge's decision to partially sever counts in that indictment should be treated as controlling under the law of the case doctrine, the court, however, determined that in this instance, there were "new and significant circumstances [to] justify a flexible application of the 'law of the case' doctrine in the interest of justice," as "the State has consolidated all matters from three counties into a single superseding indictment, thereby creating a new case." The court concluded that it "must treat the superseding indictment as a distinct case."

The court next examined the allegations in detail and arguments of the parties to determine whether the evidence from one offense would be admissible under N.J.R.E. 404(b) and relevant case law, including applying the State v. Cofield, 127 N.J. 328, 338 (1992) factors, discussed infra. The court reasoned that "[d]efendant does not deny having physical contact with the alleged victims; rather, he argues that the victims misinterpreted his medical examinations as sexual contact or assault." The court stated:

> When evaluating whether prejudice arises from the joinder of multiple offenses, a key consideration is whether the evidence relating to the offenses proposed for severance would qualify for admission under [N.J.R.E.] 404(b) at the trial of the remaining charges. State v. Sterling, 215 N.J. 65, 73 (2013). Trial courts are granted substantial discretion in deciding whether to grant severance based on potential prejudice

resulting from joinder. State v. Pitts, 116 N.J. 580, 601 (1989).

The court further stated that in this case, "there is a clear and strong connection in both the method and uniqueness of the [d]efendant's selection of his alleged victims, the nature of the alleged nonconsensual conduct, the locations, the specific acts of nonconsensual touching, and the [d]efendant's role as a medical professional." The court found,

> the testimony of each alleged victim, along with evidence concerning the alteration of medical records related to one victim's claims, is necessary to address the [d]efendant's motives regarding the alleged sexual conduct and the motives of both [d]efendants concerning the purported alteration of medical records for a specific alleged victim. This evidence is also essential to counter the [d]efendant's assertion that the allegations of sexual misconduct were motivated by efforts to attract public attention.

The court next concluded "appropriate limiting instructions can be given to the jury to minimize the risk of their interpreting the testimonies as evidence of the [d]efendant's propensity to assault the alleged victims." The court concluded, stating that it was "satisfied that the apparent prejudice is not outweighed by the probative value of the evidence of other bad acts reflected in the indictment," thus satisfying the final prong of Cofield.

A-0954-25

After the court issued its order, defendant filed an application seeking interlocutory appeal, which we granted. Defendant argues:

POINT I

THE DEFENDANT'S MOTION FOR LEAVE TO APPEAL MUST BE GRANTED IN THE INTEREST OF JUSTICE BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE STATE TO JOIN PREVIOUSLY SEVERED COUNTS AND BY DENYING THE DEFENDANT'S MOTION TO SEVER.

II.

Before us, defendant raises three principal challenges to the court's denial of his motion: (1) the court ignored the rule that "[w]hen there are multiple unrelated victims who allege sexual assault against the same defendant, the cases must be severed to avoid undue prejudice" (citing State v. Smith, 471 N.J. Super. 548 (App. Div. 2022)); (2) the court's "justification for distinguishing this case from Smith was misplaced and premised upon numerous improper considerations"; and (3) "the trial court's ruling[s] were unreasonable and unconscionable, and . . . should be reversed on appeal."

Defendant asserts the court abused its discretion when weighing factors (2), (3), and (4) of the test outlined in Cofield, 127 N.J. at 328. As to the second

A-0954-25

factor, defendant contends that the evidence was not sufficiently similar in kind or reasonably close in time to the charged offenses, asserting that:

> Under prong [(2)], the trial court abused its discretion when it improperly claimed that one alleged victim, who is also an employee, was a witness to the alleged acts, and "based on the defense's own admission, the employee's testimony is relevant to all counts before the court." The defendant made no such admission because this is not a true fact. In fact, [d]efendant actually argued in his brief the opposite of this claim.

More particularly, defendant submits:

> As to motive and mistake, the trial court abused its discretion when it relied on State v. Cusick, 219 N.J. Super. 452 (App. Div. 1987), which admitted evidence of a previous conviction resulting from a guilty plea, whereas here, the evidence the State wishes to present are allegations at this time.

### III.

"A trial court's evidentiary ruling is . . . reviewed on appeal for abuse of discretion," and "sensitive admissibility rulings regarding other-crimes evidence made pursuant to Rule 404(b) are reversed '[o]nly where there is a clear error of judgment.'" State v. Green, 236 N.J. 71, 80-81 (2018) (quoting State v. Rose, 206 N.J. 141, 157-58 (2011) (alteration in original). However, any pure questions of law are reviewed de novo. Manalapan Realty, L.P. v. Twp. of Comm. of Manalapan, 140 N.J. 366, 378 (1995). "Although the ordinary 'abuse

A-0954-25

of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir. 1985)).

The following rules and legal precedent inform our analysis of defendant's entitlement to sever counts in the State's superseding indictment. Rule 3:7-6 permits the State to charge multiple offenses in a single indictment "if the offenses charged are of the same or similar character or are based on the same act or transaction or on [two] or more acts or transactions connected together." While "joinder is favored, economy and efficiency interests do not override a defendant's right to a fair trial." Smith, 471 N.J. Super. at 567 (quoting Sterling, 215 N.J. at 72-73).

Regarding severability, "Rule 3:15-2(b) vests a trial court with discretion to order separate trials if joinder would prejudice unfairly a defendant." State v. Chenique-Puey, 145 N.J. 334, 341 (1996). Critically, "[t]o avoid prejudicial joinder, the court must conclude the proffered evidence for each set of charges would be admissible in a separate trial on the other set of charges." Smith, 471 N.J. Super. at 567. The court must therefore consider whether the "N.J.R.E.

11

404(b) requirements [are] met, and the evidence of other crimes or bad acts [is] 'relevant to prove a fact genuinely in dispute and the evidence is necessary as proof of the disputed issue.'" Ibid. (alterations in original) (quoting Sterling, 215 N.J. at 73). In other words, "[i]n determining whether joinder will result in undue prejudice, '[t]he test is whether the jury could arrive at a decision on each charge separately and irrespective of the evidence concerning guilt on the other charges.'" State v. Ellison, 482 N.J. Super. 357, 380 (App. Div. 2025) (quoting State v. Urcinoli, 321 N.J. Super. 519, 542 (App. Div. 1999)). "Central to deciding whether joinder is prejudicial is 'whether, assuming the charges were tried separately, evidence of the offense sought to be severed would be admissible under [N.J.R.E. 404(b)] in the trial of the remaining charges." Ibid.; see also State v. Oliver, 133 N.J. 141, 151 (1993) (internal quotation marks omitted).

Under Rule 404(b), other crimes evidence is inadmissible "to prove a person's disposition in order to show that . . . the person acted in conformity with such disposition." Rule 404(b). However, other-crime evidence is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident when such matters are relevant to a material issue in dispute." Id. To determine when

12

and in what circumstances "other crimes" evidence is admissible in a criminal trial, we turn to examine the multi-factor test in our Court's opinion in Cofield, which provides:

> (1) The evidence of the other crime must be admissible as relevant to a material issue;
>
> (2) It must be similar in kind and reasonably close in time to the offense charged;[4]
>
> (3) The evidence of the other crime must be clear and convincing; and
>
> (4) The probative value of the evidence must not be outweighed by its apparent prejudice.
>
> [Ibid.]

Likewise, an essential determination in a Rule 404(b) analysis is "whether the evidence relates to 'other crimes,' and thus is subject to continued analysis under Rule 404(b), or whether it is evidence intrinsic to the charged crime, and thus need only satisfy the evidence rules relating to relevancy, most importantly Rule 403." Rose, 206 N.J. at 179. Evidence is "intrinsic" if it "'directly proves' the charged offense," or "if the[] [uncharged acts] facilitate the commission of

---

[4] "Note that the Supreme Court has held that the second prong of the Cofield formulation need not be applied in every case, unless the facts of the case replicate the circumstances of Cofield itself." Seddens, __ N.J. Super. at __ (slip op. at 34) (citing Green, 236 N.J. at 83); State v. Williams, 190 N.J. 114, 131-34 (2007)).

A-0954-25

the charged crime." Id. at 180 (quoting United States v. Green, 617 F.3d 233, 248-49 (3d Cir. 2010)).

Guided by these legal principles, we reject defendant's contentions and conclude the court properly found the State had the authority to obtain a superseding indictment under N.J.S.A. 52:17B-107(a)(1), which expressly authorizes the State to "supersede in county prosecutions and obtain a superseding indictment," and that severance was not required under Rules 3:7-6 and 3:15-2(b). Moreover, we observe no abuse of discretion in the court's conclusion the State's superseding indictment was not constrained by the prior decision of the Essex County judge who had granted defendant partial severance as to certain counts in the Essex County indictment. See Lombardi, 207 N.J. at 538 (holding "the law of the case doctrine is only triggered when one court is faced with a ruling on the merits by a different and co-equal court on an identical issue") (emphasis added). And, we note defendant's failure to address the State's clear statutory authority constitutes a glaring omission. Thus, we affirm the court's order, substantially for the reasons expressed in the motion judge's decision, finding no abuse of discretion. We briefly add the following comments to amplify our opinion.

14

Based on this record, we are satisfied that the court properly examined and addressed the evidence underlying each count of the State's superseding indictment and found relevant and admissible the evidence of each offense charged.  The court next evaluated whether prejudice would arise from joinder of these multiple offenses charged and concluded that it did not.  The court addressed this issue under N.J.R.E. 404(b)(1) and (2), which provides, in pertinent part:

> [E]vidence of other crimes, wrongs, or acts is not admissible to prove a person's disposition in order to show that on a particular occasion the person acted in conformity with such disposition.
>
> This evidence may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident when such matters are relevant to a material issue in dispute.

In applying <u>Cofield</u>, the court concluded:

> [t]here is ample evidence and established precedent supporting the [c]ourt's determination that <u>the evidence underlying each count of the indictment is relevant to a material factual issue and must be deemed admissible. Furthermore, all counts in the indictment are similar in nature and occurred reasonably close in time to the charged offenses</u>.  The evidence presented by the State is clear and convincing, and its probative value is not outweighed by any perceived prejudice, which can be adequately addressed through formal limiting instructions.

15

[(Emphasis added).]

In other words, the proffered evidence for each set of charges would be admissible in a separate trial on the other set of charges, and thus, was not being offered as other crimes evidence to establish propensity. Smith, 471 N.J. Super. at 567.

As to defendant's claim the court relied on facts and evidence, which did not meet the clear and convincing standard required under factor (3) of Cofield, inclusive of medical investigator reports, codefendant R.P.'s statements to police, statements of possible fresh complaint witnesses, and statements of employees, all of which were not exhibits at the time of the motion hearing, we disagree. Rule 1:6-6 provides that facts not appearing in the record may be submitted through affidavits with personal knowledge, thus, the court did not abuse its discretion by considering such proofs.

Defendant next argues the court abused its discretion when it relied on irrelevant and distinguishable case law and unpublished opinions. Although the court erred in discussing unpublished cases in its analysis, we discern the court's

A-0954-25

limited reference to those cases was harmless error and the court amply supported its findings and conclusion with binding legal authority.[5]

Lastly, defendant's argument that reversal is warranted in the interest of justice is wholly self-serving and unsupported by the record, and is thus unavailing, as defendant merely disagrees with the court's decision.

Having clearly established that the court properly considered the applicable law, we further reject defendant's contentions the court acted unreasonably or unconscionably. In our view, the court carefully examined the numerous and similar allegations of sexual assault against defendant, involving several female patients and an employee across three counties, and determined the proffered evidence for each set of charges would be admissible in eleven separate trials as relevant to questions of opportunity, motive, and absence of mistake, and thus did not offend Cofield. Under these circumstances, we are satisfied the motion court appropriately exercised sound judgment in denying

---

[5] Unpublished opinions shall not "constitute precedent or be binding upon any court." R. 1:36-3. An error is harmless and "shall be disregarded . . . unless it is of such a nature as to have been clearly capable of producing an unjust result." R. 2:10-2.

17

defendant's motion to sever the counts in the State's indictment.  <u>Green</u>, 236 N.J. at 80-81.  Accordingly, the court did not abuse its discretion.

To the extent that we have not addressed all of defendant's ancillary arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0954-25